# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEAN BROTHERS PUMPS, INC., | ) | |
| MET-PRO CORPORATION, | ) | |
| MET-PRO TECHNOLOGIES, LLC, and | ) | |
| CECO ENVIRONMENTAL CORP., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-04118-TWP-MPB |
| | ) | |
| AMERICAN HOME ASSURANCE COMPANY, | ) | |
| CONTINENTAL CASUALTY COMPANY, | ) | |
| CONTINENTAL INSURANCE COMPANY, | ) | |
| EXCESS INSURANCE COMPANY LIMITED, | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| FIREMANS FUND INSURANCE COMPANY, | ) | |
| FIRST STATE INSURANCE COMPANY, | ) | |
| GREAT AMERICAN INSURANCE COMPANY, | ) | |
| HARBOR INSURANCE COMPANY, and | ) | |
| INDIANA INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND TO STATE COURT

This matter is before the Court on a Motion to Remand to State Court filed pursuant to 28 U.S.C. § 1447 by Plaintiffs Dean Brothers Pumps, Inc., Met-Pro Corporation, Met-Pro Technologies, LLC, and CECO Environmental Corp. (collectively, "Plaintiffs") (Filing No. 31). The Plaintiffs filed their Complaint in state court, seeking damages and declaratory judgment, based upon numerous insurance policies and coverage for underlying asbestos lawsuits (Filing No. 1-4). One of the defendant insurance companies, Great American Insurance Company ("Great American"), filed a Notice of Removal and removed the lawsuit from state court to federal court based on diversity jurisdiction (Filing No. 1). For the following reasons, the Plaintiffs' Motion to Remand is **granted**.

# I.   <u>LEGAL STANDARD</u>

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).

"A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ."  28 U.S.C. § 1446(a).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court."  *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

# II.   <u>DISCUSSION</u>

The Plaintiffs initiated this lawsuit in state court by filing their Complaint and asking for declaratory relief concerning insurance coverage under various insurance policies.  The Plaintiffs asserted two claims in the Complaint:  Count I for declaratory judgment and Count II for breach of contract.  The Complaint named as defendants Great American as well as American Home Assurance Company, Continental Casualty Company, Continental Insurance Company, Excess

2

Insurance Company Limited, Federal Insurance Company, Fireman's Fund Insurance Company, First State Insurance Company, Harbor Insurance Company, and Indiana Insurance Company (collectively, "Defendants").

Great American removed the action to federal Court pursuant to 28 U.S.C. § 1332(a), asserting that diversity jurisdiction exists between the Plaintiffs and Great American, and when considering the claims, the other Defendants are not real parties in interest or should be realigned with the Plaintiffs, or fraudulent joinder applies, thereby making removal proper for several reasons.

In their Notice of Removal, Great American alleges that the currently existing Plaintiff entities are citizens of Delaware and Texas. Great American is a citizen of Ohio. American Home Assurance Company is a citizen of New York. Continental Casualty Company is a citizen of Illinois. Continental Insurance Company is a citizen of Pennsylvania and Illinois. Excess Insurance Company Limited is a citizen of the United Kingdom. Federal Insurance Company is a citizen of Indiana and New Jersey. Fireman's Fund Insurance Company is a citizen of California and Illinois. First State Insurance Company is a citizen of Connecticut. Harbor Insurance Company is a citizen of Pennsylvania and Illinois. Indiana Insurance Company is a citizen of Indiana.

Promptly after the case was removed to this court, the Plaintiffs moved to remand the case back to state court. The Plaintiffs argue that removal is barred by the "forum defendant rule" found in 28 U.S.C. § 1441(b)(2). Defendants Federal Insurance Company and Indiana Insurance Company are citizens of Indiana for purposes of diversity jurisdiction, and 28 U.S.C. § 1441(b)(2) prohibits diversity jurisdiction removal when any defendant is a citizen of the State in which the action has been brought.

Next, the Plaintiffs argue that remand is required because several Defendants were joined and served on or before October 4, 2019 (the date Great American removed this case), and those Defendants did not join in or consent to the removal of this action.  As required by 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action."  The Plaintiffs explain that service in state court was by certified mail, return receipt requested, as permitted by Indiana Rule of Trial Procedure 4.6(B).  Defendants Fireman's Fund Insurance Company and Indiana Insurance Company signed green cards acknowledging service on October 3, 2019. Defendants Continental Casualty Company, Continental Insurance Company, Federal Insurance Company, and First State Insurance Company signed green cards acknowledging service the morning of October 4, 2019.  Then Great American filed its Notice of Removal the afternoon of October 4, 2019. However, none of the other Defendants joined in or consented to the removal of this action.

Last, the Plaintiffs assert that removal was improper because there is no diversity of citizenship between Great American and the Plaintiffs. Great American is incorporated under the laws of Ohio and has its principal place of business in Ohio, so it is a citizen of Ohio. The Plaintiffs assert that they are citizens of Delaware and Ohio because of their corporation under the laws of Delaware and having their principal place of business in Ohio.  While Great American alleged in the Notice of Removal that the Plaintiffs' principal place of business is in Texas (thereby creating diverse citizenship), the Plaintiffs assert that Great American is incorrect, and their actual principal place of business is in Ohio.[1]  Thus, they argue, diversity of citizenship does not exist between Great American and the Plaintiffs, and removal was improper.

---

[1] The Court notes that it does not need to resolve this dispute because it can resolve the Motion to Remand on other grounds.

4

The Plaintiffs assert that Great American's reliance on the principles of real-party-in-interest, fraudulent joinder, and realignment of the parties is misplaced and without merit and ignores the allegations and claims in the Complaint.  The Complaint alleges that numerous asbestos bodily injury lawsuits have been filed and continue to be filed against the Plaintiffs, and these lawsuits have been defended and indemnified by the Plaintiffs' various insurance carriers for decades.  But as some of the various insurance policy limits have been exhausted or are nearing exhaustion, the Plaintiffs seek a declaratory judgment as to the remaining coverage obligations of its insurers.  The Plaintiffs argue that they have an insurance dispute against Great American as well as against its umbrella insurance carriers.

The Plaintiffs assert that the allegations in their Complaint and their prayer for relief show there is a dispute between the Plaintiffs and its insurers, not just Great American.  The Complaint states:

> 27. Dean Brothers anticipates that there will be an increasing number of Asbestos Claims with an alleged first exposure after January 1, 1976. For all such claims, primary insurance is exhausted and the umbrella policies of American Home Assurance, First State, CNA, Indiana Insurance, and Continental all provide defense and indemnity coverage for Asbestos Claims.
>
> 28. Dean Brothers is entitled to select among the umbrella policies which policy will provide defense and indemnity for any individual asbestos claim.
>
> 29. Defendants Excess, Federal, Fireman's Fund, and Harbor should be bound by the rulings applicable to the other defendants.
>
> * * *
>
> 39. Declaratory relief is necessary and appropriate to resolve the issue of which insurers are obligated to defend and indemnify Dean Brothers in the future for Asbestos Claims.

(Filing No. 1-4 at 6–8.)  And in their "prayer for relief," the Plaintiffs ask the Court to "enter judgment declaring that:"

3. For all Asbestos Claims alleging first exposure after January 1, 1976, after primary insurance is exhausted, the umbrella policies of American Home Assurance, First State, CNA, Indiana Insurance, and Continental all provide defense and indemnity coverage for Asbestos Claims.

4. When Great American primary coverage pays to its limits, American Home Policy No. 259-90-81 is available for defense and indemnity of claims with an alleged first exposure on or before March 4, 1973.

5. Dean Brothers is entitled to select among the umbrella policies which policy will provide defense and indemnity for any individual asbestos claim alleging first exposure after January 1, 1976, and may select Indiana Insurance Policy No. 14-011-088 for defense and indemnity of such claims with alleged first exposure on or before January 1, 1979.

*Id.* at 9–10.  Therefore, the Plaintiffs argue, there is no basis to realign any of the Defendants as plaintiffs, there is no fraudulent joinder, and each of the Defendants is a real-party-in-interest. Thus, remand of this action is proper.

In response to the Motion to Remand, Great American focuses its argument on realignment of the parties, wherein the umbrella insurance carriers are aligned with the Plaintiffs, leaving Great American as the sole defendant.  Great American asserts that this realignment resolves the issues of the forum defendant rule and the other insurers not joining in or consenting to the removal of the action. Great American argues that realignment is proper because the two claims in the Complaint are explicitly brought against Great American, and there is no actual controversy between the Plaintiffs and the other Defendant insurers.

Great American points the Court to the decision in *American Motorists Insurance Co. v. Trane Co.*, wherein the Seventh Circuit explained, "Realignment is proper when the court finds that no actual, substantial controversy exists between parties on one side of the dispute and their named opponents, . . . [and] it is the points of substantial antagonism, not agreement, on which the realignment question must turn."  657 F.2d 146, 149, 151 (7th Cir. 1981) (citations omitted).  Thus,

6

when the Court looks at the points of substantial antagonism, realignment is proper based on the claims and allegations of the Complaint.

The Court, having reviewed the Complaint and the parties' arguments, concludes that remand is appropriate in this case because realignment of the parties is unwarranted and Great American removed this action before obtaining the consent of the other Defendants. More importantly, two Defendants are citizens of Indiana.  Under 28 U.S.C. § 1441(b)(2) and 28 U.S.C. § 1446(b)(2)(A), the forum defendant rule and the consent-to-removal requirement compel the Court to remand this action to state court.

The Plaintiffs' seek a declaratory judgment against Great American and the other insurance carriers who potentially can provide coverage for the underlying asbestos lawsuits. While the labels of the two claims in the Complaint explicitly note Great American, the allegations make it clear that the Plaintiffs have a dispute with Great American as well as the Defendant umbrella insurance carriers, and the Complaint specifically asks for declaratory relief against all of the Defendants.  The Court understands that the umbrella insurance carriers may stand to benefit from a judgment against Great American; however, that possible benefit to those Defendants does not justify realigning them with the Plaintiffs who still have antagonistic interests and claims against the umbrella insurance carriers for an insurance coverage declaration.  The policyholder and its related companies are properly Plaintiffs in this coverage action, and the insurers are properly Defendants.  Realignment of the parties is not warranted in this case, and remand is required.

### III.   <u>CONCLUSION</u>

For the reasons stated above, the Plaintiffs' Motion to Remand to State Court (<u>Filing No. 31</u>) is **GRANTED**, and this action is **REMANDED** back to the state court.  The Clerk is **directed**

**to remand** this matter to the Marion Superior Court, Cause No. 49D06-1909-PL-039843, and to **close** this federal action.

       **SO ORDERED.**

Date:  5/12/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Phillip K. Beth
HINKHOUSE WILLIAMS WALSH, LLP
pbeth@hww-law.com

Douglas M. DeWitt
HINKHOUSE WILLIAMS WALSH, LLP
ddewitt@hww-law.com

Frederick D. Emhardt
EMHARDT LAW LLC
fred@emhardtlaw.com

Jeffrey B. Fecht
RILEY BENNETT EGLOFF LLP
jfecht@rbelaw.com

Thomas D. Ferguson
KARBAL, COHEN, ECONOMOU, SILK &
DUNNE, LLC
tferguson@karballaw.com

Michael Robert Giordano
LEWIS WAGNER LLP
mgiordano@lewiswagner.com

Scott A. Harkness
NORRIS CHOPLIN & SCHROEDER LLP
sharkness@ncs-law.com

William C. Joern
HINKHOUSE WILLIAMS WALSH LLP
wjoern@hww-law.com

Myles D. Morrison
SHIPMAN & GOODWIN LLP
mmorrison@goodwin.com

Michael R. Orlando
COHN BAUGHMAN & SERLIN
michael.orlando@mclolaw.com

Meghan Eileen Ruesch
LEWIS WAGNER LLP
mruesch@lewiswagner.com

James P. Ruggeri
SHIPMAN & GOODWIN, LLP
jruggeri@goodwin.com

Katherine L. Shelby
PAGANELLI LAW GROUP
kshelby@paganelligroup.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

Bradley J. Wombles
NORRIS CHOPLIN & SCHROEDER
bwombles@ncs-law.com